W. O. WHITNEY LUMBER & GRAIN CO. VS CRABTREE.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 862).

1. *Grounds for Equity.*

The Commissioner of Indian Affairs affirmed the decision of a townsite commission, appointed to appraise and schedule property, in a contest before it, that A. was entitled to a certain lot. Subsequently A. brought a suit of ejectment and there being no alleged fraud or mistake either on the part of the town site committee or the Commissioner of Indian Affairs, it was held that there was no ground upon which to transfer the case to the equity docket.

2. *Indian Land—Improvements.*

Act Cong. June 28, 1898, c. 517, 30 Stat. 495 provides for the purchase of a town lot at one-half the appraised value by the owner of any improvements made thereon. However it does not terminate the right of a Creek Indian in a town lot improved by a person to whom he had leased it, but not improved by himself.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Louis Sulzbacher, December 20, 1905.

Ejectment by Hattie E. Crabtree against the W. O. Whitney Lumber & Grain Company. Judgment for plaintiff, and defendant appeals. Affirmed.

On the 20th day of June, 1903, plaintiff, appellee here, filed her complaint in ejectment against the defendant, appellant here, and alleged that she was the owner and entitled to the possession of lot 5, in block 289, in the town of Wagoner, Indian Territory; that she claims title by reason of the fact that said lot was scheduled to her by the commission appointed to appraise and schedule property in the town of Wagoner under the act of Congress approved March 1, 1901, and approved by the National Council of the Creek Nation on May 25, 1901; that defendant in

unlawful possession of said lot, and has been since the 21st day of April, 1900; and asks judgment for possession of the lot and for damages.  On the 16th day of December, 1903, defendant filed answer to the complaint, and denies that plaintiff is the owner or entitled to the possession of lot 5, in block 289, in the town of Wagoner, Indian Territory; denies that the Wagoner Townsite Commission scheduled said lot or property to plaintiff; denies being in unlawful possession of said lot; and denies damages.  For further answer defendant states that he purchased said lot 5, in block 289, in the town of Wagoner, together with the improvements thereon, from the Wilburton Lumber Company, on the 21st day of April, 1900, and defendant is now in possession of said lot, and has been ever since the date of said purchase, and that after said purchase defendant made improvements upon said property; alleges that after said purchase under the act of Congress approved June 28, 1898 (Act June 8, 1898, c. 517, 30 Stat. 495), the lot of land described was scheduled and appraised to this defendant by the Wagoner Townsite Commission, and approved by the Secretary of the Interior, that some time in August, 1901, defendant was notified that a contest had been filed against him for this lot by plaintiff and that this defendant answered said contest and submitted same to this townsite commission, consisting of Henry C. Linn, Tony E. Proctor, and J. H. Roark, and later was notified by said townsite commission that they had decided said contest in favor of the defendant; admits that about the 1st of August, 1902, he received a communication from Hon. J. George Wright, United States Indian inspector for Indian Territory, inclosing therewith opinion from A. C. Tonner, Acting Commissioner of Indian Affairs, at Washington, D. C., affirming an opinion purporting to have been rendered by Tuttle and Alexander, in which they had decided that the plaintiff was the owner of said lot, but that defendant was not given an opportunity to appear before the said Tuttle and Alexander in person or by

attorney. Defendant offers to bring into court the money the plaintiff has paid to the Creek Nation, and tenders same to said plaintiff, and prays to have this cause transferred to the equity docket, that it be adjudged and decreed that plaintiff is trustee of said lot for defendant, and that plaintiff be required to convey said lot to defendant, and be enjoined and debarred from asserting any claim in and to said premises adverse to this defendant.

It appears from the record in this case that when the townsite commission appointed for the town of Wagoner, composed of H. C. Linn, Tony E. Proctor, and J. H. Roark, were appointed under the Curtis act, plaintiff' made no application for the lot, and it was scheduled by that commission to the defendant, who claimed to have purchased the rights of the Cherry Valley Lumber Company. When the Creek agreement was ratified and became a law, this same townsite commission, under authority of that law, commenced to appraise the lots. The defendant made application for this lot, and the plaintiff also made application for it. The plaintiff then instituted contest for the lot, which was duly heard before the townsite commission. Before all the testimony was taken, and before the case was finally decided, Proctor and Roark lost their places, and the townsite commission for the Creek Nation was then composed of H. C. Linn, Dwight Tuttle, and George A. Alexander. This commission then took up this case, and decision was made for the plaintiff. by two of the commission; a dissenting opinion being filed by H. C. Linn. These decisions were then sent to the Commissioner of Indian Affairs, who affirmed the majority opinion. The case was then referred to the master in chancery, who took the testimony, and on April 28, 1905, the master's report was filed in this case, and in that report he made the following findings of fact and recommendations:

"I find that one W. F. Crabtree in his life leased the land in controversy in this suit to the Wilburton Lumber

·Company for a monthly rental of $10. I find that said land was held and controlled by the said Crabtree as a citizen by blood ·of the Creek Nation. I find that the said Wilburton Lumber ·Company paid rent for said lot to the said W. F. Crabtree until the 21st day of April, 1900. I find that on the 21st day of April, 1900, the defendants in this suit purchased from T. M. Richardson & Son, who had previously purchased from the Wilburton Lumber Company all the rights of the Wilburton Lumber Company and T. M. Richardson & Son to the lot in ·question and the improvements then located thereon. I find ·that from this date the defendants deny that said Crabtree had any rights to the possession of the lot in controversy. I find that all the improvements upon this lot were placed there by ·the Wilburton Lumber Company and the defendants in this action. I find that the Wilburton Lumber Company placed improvements there by permission of their landlord, the said W. F. Crabtree, and had the right to remove the same. I find the improvements placed upon the lot by the defendants were placed there after the 21st day of April, 1900, and after the right and title of said W. F. Crabtree, as such landlord of the Wilburton Lumber Company, had been denied by them. I ·find that the defendants claimed the right to have this lot scheduled to them and appraised to them, under the 'Curtis Bill,' because they owned the improvements which had been placed upon the lot. I find that under the agreement between the United States and the Creek Nation of Indians, W. F. Crabtree, under whom the plaintiff claims, was entitled to have the lot in controversy scheduled and appraised to him. I find that the same was so scheduled by the Creek Townsite Commission, composed of Messrs. Dwight Tuttle, George A. Alexander, and H. C. Linn, a majority of said commission holding that the plaintiff, Hattie E. Crabtree, was entitled to have said lot scheduled to her; that H. C. Linn, one of the commissioners, filed a dissenting opinion; and that the majority

opinion of this commission was confirmed by the honorable Commissioner of Indian Affairs, and so far as the record shows no appeal was taken from his decision to the honorable Secretary of the Interior. I find it is not true, as alleged in the defendant's answer, that the townsite commission appointed under the 'Curtis Bill' scheduled and appraised this lot to defendants. I find that both parties by their attorneys appeared before the honorable townsite commission, consisting of Dwight Tuttle, George A. Alexander, and H. C. Linn, appointed under the Creek agreement, and both parties were fully heard by that commission. I find that the defendants are a partnership composed of W. O. Whitney, H. S. Whitney, and H. B. Rounds, doing business as the W. O. Whitney Lumber & Grain Company. I find that said lot has a rental value of $10 per month. I find that, when the defendants in this case bought the improvements upon said lot from T. M. Richardson & Son, the said T. M. Richardson & Son and the Wilburton Lumber Company had no right, title, or interest of any kind in and to this lot, simply owned the improvements thereon, and that therefore defendants obtained no right or title whatever to the lot, or any right to have said lot scheduled and appraised to them, either under the 'Curtis Bill' or under the treaty between the Creek Nation and the United States. I find that the plaintiff in this cause was entitled, under the treaty between the Creek Nation and the United States, to have the lot in controversy in this case scheduled and appraised to her, and that she had the right to purchase the same at one-half of the appraised value. I find that she has paid to the United States Indian agent for the benefit of the Creek Nation the amount due upon said lot, amounting to the sum of $342.50. I find that said lot was scheduled and appraised to her by the townsite commission appointed under the said 'Creek Agreement,' and that same was approved by the honorable Commissioner of Indian Affairs; that she is now entitled to the possession of said lot; that de-

fendants have wrongfully withheld possession from this plaintiff and those under whom she claims since the 21st day of April, 1900; that she is entitled to recover from them the sum of $10 per month from that date, now amounting to $485, upon which there should be a credit of $18 taxes upon said lot, paid by the defendants, leaving a balance due plaintiff at this time, May 7, 1904, the sum of $467. I find that the improvements upon this lot at the present time are of the value of $2,700 I find that these improvements were placed upon this lot by defendants in good faith believing that they had the right to the possession of the same. I find that under the law the defendants should be permitted to sell or remove the same upon the payment to the plaintiff of the amount due her as herein found, together with the costs of this action.

"Recommendations: I therefore recommend that the plaintiff, Hattie E. Crabtree, have judgment against defendants, W. O. Whitney, H. S. Whitney, and H. P. Rounds, partners doing business as W. O. Whitney Lumber & Grain Company, for the possession of lot No. 5, in block No. 289, in the city of Wagoner, according to the plat and survey of said town approved by the honorable Secretary of the Interior, together with damages in the sum of $467 for its unlawful detention and the costs of this suit. I recommend, upon the payment of the amount found due the plaintiff herein, together with the costs of this suit, that defendants be given a reasonable time within which to sell or remove the improvements owned by them located upon said lot, and that a decree be entered accordingly."

On the 13th day of May, 1904, defendant filed 11 exceptions to the master's report. On December 20, 1905, the court rendered a decree in this case, as follows: "Order of Court. This cause came on this day to be finally heard upon the pleadings, proof and master's report previously made and filed herein, and upon the exceptions of the defendants filed thereto; and, the court having considered said exceptions, the

same are hereby overruled, and said report is in all respects hereby confirmed. Whereupon it is adjudged, ordered, and decreed that the plaintiff recover of and from the defendants the possession of lot 5, in block 289, in the city of Wagoner, according to the plat and survey of said town, approved by the honorable Secretary of the Interior, and that she shall further recover for the unlawful detention of said lot the sum of $662 together with the costs of this suit; that the defendants are given 60 days from the date of this judgment within which to sell or remove the improvements owned by them located upon said lot. Louis Sulzbacher, Judge."

To which the defendants excepted, and prayed an appeal to this court, which was granted.

*E. L. Moore*, for appellant.

*William T. Hutchings* and *Murphey & German*, for appellee.

Townsend, J. (after stating the facts as above). Appellant has filed 17 assignments of error, as follows:

"(1) The United States Court for the Western district of the Indian Territory, as Wagoner, erred in overruling appellant's exceptions to master's report.

"(2) The United States Court for the Western district of the Indian Territory, at Wagoner, erred in confirming the report of the master in all respects.

"(3) The United States Court for the Western district of the Indian Territory, at Wagoner, erred in rendering judgment against appellants for the possession of lot 5, in block 289, in the city of Wagoner, in favor of appellee.

"(4) The United States Court for the Western district of the Indian Territory, at Wagoner, erred in rendering judgment against appellants for the sum of $662 in favor of appellee for the detention of said lot 5.

"(5) The United States Court for the Western district of the Indian Territory, at Wagoner, erred in rendering judgment against appellants in favor of appellee for costs.

"(6) The United States Court for the Western district of the Indian Territory, at Wagoner, erred in ordering appellants to sell or remove the improvements owned by them located on said lot 5.

"(7) * * * The master erred in finding that the said Wilburton Lumber Company paid rent for said lot to the said W. F. Crabtree until the 21st day of April, 1900.

"(8) The master erred in finding the defendants placed the improvements upon said lot after they had denied the right and title of W. F. Crabtree, but allege the facts to be that they erected an office building upon said lot in May, 1900, and some other improvements four or five months before they had received any information whatever from the said W. F. Crabtree, or any one claiming under him, that he or they had any interest whatever in or to said lot.

"(9) The master erred in finding that defendants claimed the right to have this lot scheduled and appraised to them under the Curtis bill because they owned the improvements which had been placed on said lot; but the defendants allege the facts to be that they claimed the right to have said lot scheduled and appraised to them under the Curtis bill because permanent and lasting improvements had been erected on said lot by Wilburton Lumber Company, through whom defendants claimed title to said lot and improvements, prior to June 28, 1898.

"(10) The master erred in finding that, under the agreement between the United States and the Creek Nation of Indians, W. F. Crabtree, under whom the plaintiff claims, was entitled to have the lot in controversy scheduled and appraised to her, for the reason defendants had rightful possession of said lot under the Curtis bill, at the time said agreement between the United States and Creek Nation became a law. Therefore, being in rightful possession at the time said agreement was made, by reason of being the owners of permanent and lasting improvements which were erected on said lot prior to June 28, 1898, they are entitled to said lot under the aforesaid agreement.

"(11)   The master erred in finding it is not true, as alleged in defendants' answer, that the townsite commission appointed under the Curtis bill scheduled and appraised this lot to defendants, for the reason the record shows said lot was scheduled to defendants by the townsite commission consisting of H. C. Linn, James H. Roark, and Tony Proctor.

"(12)   The master erred in finding that both parties by their attorneys appeared before the townsite commission, consisting of Dwight Tuttle, George A. Alexander, and H. C. Linn, appointed under the Creek agreement, and both parties were fully heard by that commission; but the defendants allege the facts to be that said lot had already been scheduled and appraised to defendants by the original townsite commission, consisting of H. C. Linn, James H. Roark, and Tony Proctor, and the attorney referred to by said master was paid off and discharged, and, if said attorney appeared before the townsite commission consisting of Dwight Tuttle, George A. Alexander, and H. C. Linn, it was without the authority or knowledge of the defendants.

"(13)   The master erred in finding that the Wilburton Lumber Company and T. M. Richardson & Son, from whom the defendants purchased improvements and lot, had no right, title; or interest of any kind in and to this lot, and therefore defendants obtained no right or title whatever to the lot, or any right to have the said lot scheduled and appraised to them, either under the Curtis bill, or under the treaty between the Creek Nation and the United States, for the reason permanent and lasting improvements were erected on said lot by Wilburton Lumber Company, through whom T. M. Richardson & Son and appellants claim title, prior to June 8, 1898, and therefore, under the Curtis bill, which went into effect on that date, divested W. F. Crabtree of any title or right to said lot he may have had prior to the passage of said Curtis bill, and same was vested in the Wilburton Lumber Company by reason of their owning

permanent and lasting improvements then situated on said lot.

"(14)   The master erred in finding that the plaintiff in this cause was entitled under the treaty between the Creek Nation and the United States to have the lot in controversy in this case scheduled and appraised to her, and also the master erred in finding that she had the right to purchase the same at one-half of the appraised value; but the defendants allege the facts to be that they are entitled under the treaty between the Creek Nation and the United States to have the lot in controversy in this case scheduled and appraised to them, and they have the right to purchase the same at one-half the appraised value.

"(15)   The master erred in finding that plaintiff is now entitled to the possession of said lot; that the defendants have wrongfully withheld possession from this plaintiff, and those under whom she claims, since the 21st day of April, 1900; that she is entitled to receive from defendants the sum of $10 per month from that date, now amounting to $485, upon which there should be a credit of $18 taxes upon said lot paid by the defendants, leaving a balance due plaintiff at this time, May 7, 1904, of $467. But the defendants allege the facts to be that they are in rightful possession of said lot, and that those through whom they claim title have been in rightful possession since the Curtis bill became a law.

"(16)   The master erred in finding that under the law, the defendants should be permitted to sell or remove the improvements upon payment to plaintiff of the amount due her as herein found, together with the cost of this action. But the defendants allege that, under the law and the findings of the master herein, they are entitled to be paid the sum of $2,700 for said improvements under the law, because they claimed to be the owners of said lot in good faith and are not required to sell or remove the same. The master erred in not finding the value of the improvements made by the defendants

separate and apart from the value of the improvements made by the Wilburton Lumber Company.

"(17)   The master erred in recommending that plaintiff, Hattie E. Crabtree, have judgment against defendants, W. O. Whitney, H. S. Whitney, and H. P. Rounds, partners doing business as W. O. Whitney Lumber & Grain Company, for the possession of lot 5, in block 289, in the city of Wagoner, according to plat and survey of said town approved by the Secretary of the Interior, together with damages in the sum of $467 for its unlawful detention, and the costs of this suit; but the defendants allege that they are entitled to retain the possession of said lot, in said block, in said city, and recover of the plaintiff the costs of this suit."

The first assignment of error is the overruling of appellants' exceptions to the master's report.   These exceptions to the master's report are then set out in detail in the seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth assignments.   The second assignment is the error of the court in confirming the report of the master in all respects; the third is in rendering judgment against appellants for the possession of lot 5, in block 289, in the city of Wagoner and in favor of appellee; the fourth is in rendering judgment against appellants for the sum of $662 in favor of appellee for the detention of said lot 5; the fifth is in rendering judgment against appellants in favor of appellee for costs; and the sixth in ordering appellants to sell or remove the improvements owned by them, located on said lot 5.   We have examined the proof that was submitted to the master, and upon which he based his report and made his findings and recommendations, and we are satisfied from an examination of that evidence that the findings of the master are substantially correct.

In this case it appears that W. F. Crabtree was the owner and had been in possession of this lot 5, in block 289, for some

11 years prior to the enactment of the act of June 28, 1898, known as the "Curtis Bill" (Act June 28, 1898, c. 517, 30 Stat. 495), and that he leased the same to the Wilburton Lumber Company for a rental of $10 per month. The Wilburton Lumber Company paid the said rent to W. F. Crabtree until in the month of April, 1900, when the said Wilburton Lumber Company sold its lumber and interest in the lease to T. M. Richardson & Son, who subsequently sold to the defendants. Therefore it is clearly established that up until the spring of 1900 W. F. Crabtree was the landlord, and the Wilburton Lumber Company and its successors were the tenants of the said Crabtree. The Wilburton Lumber Company had placed certain improvements upon the lot, with the permission of Crabtree, before they sold their lumber yard and interest in the lease. The defendants, after the purchase of the property, placed additional permanent improvements upon the lot, claiming that they had no knowledge of Crabtree title, and from the record it does not appear that the defendants ever paid any rent to Crabtree. Crabtree died in the spring of 1900, and it does not appear that the Wilburton Lumber Company continued to pay rent after his death. The appellee is the widow of W. F. Crabtree, and instituted this suit to recover possession of the property. The defendants deny her ownership or her right to possession, and claim that under the terms of the Curtis bill, by reason of having placed valuable and permanent improvements upon the lot, they had the right to purchase the same, regardless of any right existing in the appellee, and claim that her interest and the interest of W. F. Crabtree were terminated by reason of the enactment of the Curtis bill.

It appears that under the Curtis bill a townsite commission was appointed for the townsite of Wagoner, consisting of H. C. Linn, Toney E. Proctor, and J. H. Roark; that said commission had appraised the property to the defendant; that in the meantime a contest had been instituted by the appellee

against appellants before said townsite commission, and the same was pending before the commission, when two of the said members of said commission were removed, and Dwight Tuttle and George A. Alexander were appointed in their places, the commission then being Alexander, Tuttle, and Linn. This commission, it seems, was appointed and was acting under and by virtue of the terms of the Creek agreement of March 1, 1901, and in the decision of that contest the majority of said commission, consisting of Tuttle and Alexander, decided the contest in favor of the appellee; the other commissioner, Linn, filing a dissenting opinion. It appears thereupon that the case was appealed to the Commissioner of Indian Affairs, who, under date of July 25, 1902, affirmed the report of Tuttle and Alexander. The appellee having made application to purchase said lot under the Creek agreement, the commission allowed her to do so, and appraised said lot to her. She paid for the same, as provided by law, and claims that she is the owner by virtue of her said purchase. It appears that this contest, and the decision therein, in favor of the plaintiff, had all occurred prior to the institution of this suit, this suit not having been instituted until June 20, 1903; defendants having filed their answer on December 16, 1903, and upon filing their answer asked that the cause be transferred to the equity docket, which was granted. The findings of the master that the plaintiff was the owner and entitled to the possession of the property were, in our judgment, fully sustained by the record and proof in the case; and the defendants not having alleged any fraud or mistake of law on the part of the townsite commission in its decision, or of the Commissioner of Indian Affairs in his decision, there was no reason why this case should have been transferred to the equity side of the docket.

It appears clearly from the record that the Creek agreement, enacted by the Congress of the United States, and ratified by the Creek Council, superseded the act of June 28, 1898, in

reference to the allotments of lands in the Creek Nation. Therefore the proceedings, so far as shown by the record, are entirely regular, and the confirmation of the master's report by the court was unquestionably correct.. We deem it unnecessary to discuss each of the assignments of error, as the statement we have heretofore made disposes of all of the assignments of error adversely to the appellants.

The contention of the appellants that the enactment of the Curtis bill destroyed the lease from Crabtree to the Wilburton Lumber Company has no merit, and is not good in law. The position occupied by the appellants was that simply of a lessee of Crabtree or his estate, and the commission charged with the duty under the law of determining the contest between the claimants having decided in favor of the appellee, and that decision having been confirmed by the Commissioner of Indian Affairs, and no appeal taken from his decision, the appellee, having had the lot appraised to her and paid for by her, is unquestionably the owner and entitled to the right of possession.

Therefore the judgment of the court below is affirmed.

GILL, C. J., and CLAYTON and LAWRENCE, JJ., concur.